UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JORDAN, JR.,

Defendant.

No. 2:11-CR-0195-EFS-1

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE AND FOR IMMEDIATE RESENTENCING AND DENYING GOVERNMENT'S MOTION TO VACATE HEARING AND HOLD IN ABEYANCE**

Before the Court is Defendant Michael Jordan's Motion to Vacate Sentence and for Immediate Resentencing pursuant to 28 U.S.C. § 2255, ECF No. 65, and the United States Attorney's Office's (USAO) Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, ECF No. 66. On July 13, 2016, the Court held a hearing on this matter. Ms. Alison Guernsey appeared on behalf of Mr. Jordan, who was not present for the hearing. ECF No. 125. Mr. Timothy Ohms appeared on behalf of the USAO. *Id.* The Court grants Defendant's motion for the reasons articulated at the hearing and the reasons set forth below.

**I. FACTUAL BACKGROUND**

On December 20, 2011, the grand jury returned an indictment against Defendant charging him being a Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The

statutory maximum penalty for the crime was a 10 year term of incarceration. 18 U.S.C. § 924(a)(2), ECF No. 3 & ECF No. 39 ¶ 1.

After discovery and pretrial motions, Defendant and the USAO entered into a plea agreement. ECF No. 39. Pursuant to the agreement, Defendant agreed to plead guilty to an Information Superseding Indictment charging the Defendant with one count of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), and one count of Felon in Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a violation of 18 U.S.C. § 924(c). The United States agreed to not file any additional charges and to dismiss another case pending in this district. *Id.* ¶¶ 1 & 8. The Defendant also specifically waived his right to appeal his sentence, so long as it did not exceed 180 months, and his right to collaterally attack his sentence, pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel. ECF No. 39 ¶ 16. Furthermore, both parties agreed to recommend a sentence between 150 - 180 months incarceration. *Id.* ¶ 9.

On April 24, 2012, the Court accepted Defendant's guilty plea but reserved accepting the parties' plea agreement until the sentencing hearing so a Presentencing Investigation Report (PSIR) could be completed by the U.S. Probation Office (USPO). ECF Nos. 38-40.

On July 19, 2012, the Court held a sentencing hearing in this matter. ECF No. 49. Accepting the PSIR, the Court determined that Defendant's Total Offense Level was 29 and that his Criminal History Category was VI. ECF Nos. 51-52. This resulted in an advisory

sentencing guideline range of 151 - 188 months as to count one. Count two carried a mandatory minimum sentence of 60 months. The Court accepted the parties' joint recommendation and imposed a sentence of 90 months for count one and 60 months for count two, three years supervised release, a $100 special penalty assessment, and no fine. ECF Nos. 51 & 52.

On June 1, 2016, Defendant filed the instant motion seeking resentencing in this matter. ECF No. 65. Defendant argues that he is currently serving an illegal sentence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that residual clause of the Armed Career Criminal Act (ACCA) was unconstitutional, and *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that the Supreme Court's ruling in *Johnson* was retroactively applicable on collateral review. On June 7, 2016, the USAO filed a Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance. ECF No. 66. The USAO asks the Court to hold Defendant's motion in abeyance until the Ninth Circuit Court of Appeals or the United States Supreme Court decides whether *Johnson* and *Welch* apply retroactively to enhanced guideline sentences.

## II. ANALYSIS

Defendant believes he is serving an illegal and unconstitutional sentence. ECF No. 111. He has filed this motion pursuant to 28 U.S.C. § 2255 and is asking the Court for resentencing. *Id.*

### a. 28 U.S.C. § 2255

The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of

> the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This statutory right, however, is subject to a one-year statute of limitations, which

> shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's motion was filed well after one year since the imposition of judgment. Defendant asserts, however, that his motion is timely because he is asserting a right that was newly recognized by the Supreme Court in *Johnson* and made retroactively applicable on collateral review. ECF No. 111. If the Supreme Court's decision in *Johnson* recognized a new right, and if that right is retroactively applicable to the sentencing guidelines on collateral review, then Defendant has met the statute of limitations and his motion is timely.

**b. ACCA, *Johnson v. U.S.*, and *Welch v. U.S.***

Congress has made it unlawful for certain individuals to possess firearms, including a felon. Typically, a defendant found guilty of being a felon in possession of a firearm cannot be sentenced to more

than ten years imprisonment. 18 U.S.C. § 924(a). An individual found guilty of certain firearm-related charges can be found to be an Armed Career Criminal thereby increasing his potential prison term to a minimum of 15 years imprisonment and a maximum of life imprisonment under ACCA. ACCA applies if the firearm violator has three or more earlier convictions for a "serious drug offense" or a "violent felony." *Id.* ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

1) "has as an element the use, attempted use, or threatened use of physical force against the person of another;"
2) "is burglary, arson, or extortion, [or] involves use of explosives;" or
3) *"otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B). This third category of "violent felony" is now known as ACCA's residual clause.

In 2015 the Supreme Court decided *Johnson v. United States*:

> hold[ing] that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

135 S. Ct. 2551, 2563 (2015). The Supreme Court found the residual clause unconstitutional because it "denies fair notice to defendants" and "due process of law." *Id.* at 2557.

Foreseeably, the holding in *Johnson* resulted in disagreement among the circuit courts as to whether *Johnson* applied retroactively

to cases on collateral review. In response, the Supreme Court in *Welch*, held "that *Johnson* is retroactive in cases on collateral review." 136 S.Ct. at 1268.

**c. Applicability of *Johnson* and *Welch* to the United States Sentencing Commission Guidelines (U.S.S.G.)**

Defendant Jordan, however, was not found to be an armed career criminal. Instead, he was subjected to an enhanced advisory sentencing guideline range. Specifically, because he had prior convictions for "crimes of violence," he was classified as a "career offender" and his Base Offense Level was increased to 32 from 14, pursuant to U.S.S.G. § 4B1.1. ECF No. 78 ¶ 48. After adjustments, Defendant had a Total Offense Level of 29. As a result, the Court determined that Defendant's advisory guideline range, as to count one, was 155 – 188 months incarceration. Defendant claims that if he had not been classified as a career offender, he would have been subject to a guideline range of 24 - 30 months.

The U.S.S.G. defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. The "residual clause" under the sentencing guidelines is identical to the "residual clause" that the Supreme Court found to be unconstitutional in *Johnson.*

The parties in this case agree that *Johnson* likely invalidates the residual clause of the sentencing guidelines' definition of crime of violence. The Court agrees as this is consistent with Ninth Circuit case law on similar issues. *See Reina-Rodriguez v. United States*, 655 F.3d 1182 (2011) (applying the Ninth Circuit's *en banc* decision in *United States v. Grisel*, 488 F.3d 844 (2007), which altered the definition of crime of violence under ACCA, to the sentencing guidelines' definition of crime of violence.). Where the parties disagree, however, is whether *Johnson* and *Welch* apply *retroactively* to the guidelines in this case.

**d. Retroactive Applicability of *Johnson* and *Welch* to the United States Sentencing Commission Guidelines**

The Supreme Court has yet to answer whether its decisions in *Johnson* and *Welch* apply retroactively to the guidelines.[1] The framework articulated in *Teague v. Lane*, 489 U.S. 288 (1989), controls whether a new rule applies retroactively to cases on collateral review. Under *Teague*, if a new rule is determined to be "substantive" it will apply retroactively on collateral review. If it is determined to be "procedural" it generally will not. *Id.* at 310-13. Substantive rules include "rules forbidding criminal punishment of certain primary conduct, as well as rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."

[1] The Court anticipates that this question will likely be answered in *Beckles v. United States*, Case No. 15-8544.

*Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016) (internal quotations omitted).

It is true that the guideline enhancement does not alter the statutorily permitted sentences, it is true that the guidelines are not mandatory, and it is also true that the Defendant in this case *could* have been sentenced to the same sentence he received even if his sentencing guideline range was calculated correctly under the new definition. The Court, however, finds this argument not controlling.

In fact, just recently the Supreme Court held in *Montgomery v. Louisiana*, 136 S.Ct. 718, 215 (2016), that the new rule established in *Miller v. Alabama*, 132 S. Ct. 2455 (2012) was substantive and therefore retroactive. *Miller* held that juveniles could not be sentenced to life without parole without accounting for their youth. In *Montgomery*, the Supreme Court acknowledged that some juveniles could still be sentenced to life without parole, which clearly indicates that a new "substantive rule" could still be substantive even though it did not alter the statutorily permissible maximum sentence. What mattered to the Court in *Montgomery* was that many juvenile defendants were denied a substantive right. *Id.* ("The fact that life without parole could be a proportionate sentence for [some] does not mean that all other[s] imprisoned under a disproportionate sentence have not suffered the deprivation of a substantive right.").

The advisory guideline range is arguably the single most important piece of information a Court considers in sentencing for a Defendant. Some have called it the "lodestone" of sentencing. *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). Whatever it is called, it

has a direct and manifest effect on the sentences a court imposes on defendants who appear before it. *Id.* ("[W]hen a Guidelines range moves up or down, offenders' sentences move with it."). In this case, as in *Montgomery* and *Miller*, simply because the new rule does not affect the maximum statutorily permissible sentence that a Court can impose, does not automatically render the rule procedural under *Teague.* In fact, because of the importance of the sentencing guidelines and the weight judges give them during sentencing, the Court finds that the new rule articulated in *Johnson*, and made retroactive in *Welch*, is a substantive rule when applied to the sentencing guidelines' definition of "crime of violence" and "career offender," and is, therefore, retroactively applicable.

Furthermore, this result is consistent with binding Ninth Circuit precedent. *See Reina-Rodriguez v. United States*, 655 F.3d 1182 (2011). In *Reina-Rodriguez,* the Ninth Circuit held that its opinion in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007), which altered ACCA's definition of burglary, announced a new substantive rule. The panel also held that the rule applied retroactively on collateral review in a case where the petitioner was challenging a guidelines calculation and not a sentence under ACCA. *Reina-Rodriguez,* 655 F.3d at 1189.

**e. Effect of Defendant's Collateral Attack Waiver**

In his plea agreement, Defendant Jordan waived his right to appeal or collaterally attack his sentence pursuant to 28 U.S.C. § 2255. ECF No. 39. An appeal waiver will not apply, however, if:

> 1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law.

*United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* (quoting *United States v. Fowler*, 794 F.2d 1446, 1449). Here, Defendant is raising a constitutional argument. *Johnson* held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The same language is found in the sentencing guidelines' definition of "crime of violence" and is also unconstitutional. Therefore, because Defendant's sentence "violates the constitution" the Court will not enforce the collateral attack waiver.

**f. Effect of the Plea Agreement**

The only remaining question is, what remaining effect, if any, does the Rule 11(c)(1)(C) plea agreement have in this case? During oral argument for this motion, Defense Counsel argued that the plea agreement is not automatically void as a result of resentencing, nor is the Defendant automatically in breach by filing this motion. Whether or not the Defendant will be in breach of the plea agreement when presumably he recommends a sentence less than 150 months as was agreed to by the parties, was not addressed. Nor was there any indication by the government that it would seek to withdraw from the plea agreement if Defendant requests a lower sentence. The Court believes that these questions are best left for the sentencing

hearing. For now, the Court grants Defendant's motion and sets a sentencing hearing in this matter.

## III. CONCLUSION

The Court finds that the Supreme Court's holding in *Johnson* and *Welch* are retroactively applicable to the sentencing guidelines' definition of "crime of violence" as articulated in U.S.S.G. § 4B1.2. Therefore, the Defendant is entitled to a resentencing hearing in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Sentence and for Immediate Resentencing, **ECF No. 65**, is **GRANTED**.
2. The Amended Judgment of this Court, **ECF No. 101**, is **VACATED**.
3. The Government's Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, **ECF No. 66**, is **DENIED**.
4. The Court **SETS** a sentencing hearing for **Wednesday, October 5, 2016,** at **10:45AM** in **RICHLAND**.
5. The United States Probation Office is to prepare an expedited presentence investigation report in advance of the sentencing hearing.
6. The Defendant is required to be present at this hearing.

///

///

//

/

7. A separate order regarding the schedule of sentencing will issue.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the United States Probation Office, and the United States Marshals Service.

**DATED** this 22nd day of July 2016.

_s/Edward F. Shea_
EDWARD F. SHEA
Senior United States District Judge